## MATTER OF WONG

### In Visa Petition Proceedings

### A-17962992

### *Decided by Board March 18, 1975*

Petitioner, a native of China and lawful permanent resident of the United States applied for classification of the beneficiary as his spouse under section 203(a)(2) of the Immigration and Nationality Act. At the time petitioner took the beneficiary as his concubine, he had a wife and another concubine. After petitioner's wife died and his first concubine obtained a divorce, petitioner and beneficiary were married, in 1956, in Hong Kong, by a priest, before two witnesses. However they had obtained no marriage license nor did they register the marriage. In view of the enactment, in 1971 of the Hong Kong Marriage Reform Ordinance (Chapter 178 of the Laws of Hong Kong, Revised Edition 1971), it is not necessary to look to Chinese law and custom obtaining prior to 1956 to determine the validity of this marriage. It was valid under section 8 of the 1971 Marriage Reform Ordinance because it was celebrated in an open ceremony prior to October 7, 1971, both parties were free to marry and were over the minimum age for marriage. The marriage is considered valid from the date of its celebration, notwithstanding that it was not under and in accordance with the Marriage Ordinance. Therefore the beneficiary spouse was eligible for second preference classification.

ON BEHALF OF PETITIONER:  
  Charles J. Wong, Esquire  
  755 Commercial Street  
  San Francisco, California 91108

ON BEHALF OF SERVICE:  
  Charles Gordon  
  General Counsel

The Service has moved for reconsideration of our decision of November 21, 1969 in which we sustained the petitioner's appeal from the decision of the district director, and we approved the visa petition filed by the petitioner.

The petitioner is a native of China and a lawful permanent resident of the United States. He is applying to have the beneficiary classified as his spouse under section 203(a)(2) of the Immigration and Nationality Act.

The beneficiary was taken by the petitioner as his concubine in China in 1945. At that time, the petitioner already had a wife and another concubine. In 1950, the petitioner left China and entered Hong Kong with the beneficiary. The petitioner's wife died in China in March 1953, and the petitioner's first concubine obtained a divorce from the People's Court of Toyshan District, Kwantung, China, in 1952.

On May 20, 1956, the petitioner and the beneficiary were married

before two witnesses in a ceremony performed by a priest at St. Teresa'sChurch, Kowloon, Hong Kong. A marriage certificate issued by the church is contained in the record. The petitioner has stated that no marriage license was obtained for that marriage, and that the marriage was not registered with the civil authorities in Hong Kong.

The district director held that the failure to obtain a marriage license resulted in a void marriage under section 28 of the Hong Kong Marriage Ordinance, Chapter 181 of the Laws of Hong Kong, Revised Edition, 1950. Upon appeal, we held that the beneficiary had acquired the status of "principal wife" under Chinese law and custom in Hong Kong by virtue of the death of the petitioner's original wife and the divorce obtained by his first concubine. We also held that the Hong Kong Marriage Ordinance was inapplicable because of the exception for marriages in accordance with Chinese law and custom. We found it unnecessary to pass on the validity of the 1956 church marriage because of our conclusion that the parties were already married under Chinese law and custom. The Service has requested that we reconsider our conclusions regarding Chinese law and custom in Hong Kong. However, recent developments in the law of Hong Kong have mooted the issue raised by the Service in this motion.

Since the time of our original decision in this case, the Hong Kong Government has enacted the Hong Kong Marriage Reform Ordinance, Chapter 178 of the Laws of Hong Kong, Revised Edition, 1971. Section 8 of the Marriage Reform Ordinance states:

> Subject to section 14,[1] every marriage celebrated in Hong Kong before the appointed day [October 7, 1971] as a modern marriage by a man and a woman each of whom, at the time of the marriage, was not less than sixteen years of age and was not married to any other person shall be a valid marriage, and *shall be deemed to have been valid since the time of celebration, notwithstanding—*
>> *(a) that the proper personal law and religion of the parties, or one of them, was Chinese law and custom, and the marriage was prohibited by or failed to comply with the requirements of Chinese law and custom;. or*
>> *(b) that the marriage was not under and in accordance with the Marriage Ordinance.*
> (Emphasis supplied.)

Section 2 of the Marriage Reform Ordinance defines the term "modern marriage" as "a marriage celebrated in Hong Kong before the appointed day [October 7, 1971] by open ceremony as a modern marriage and in the presence of two or more witnesses." Section 2 also defines a "validated marriage" as "a modern marriage made valid by section 8."

The petitioner's 1956 marriage to the beneficiary was celebrated by an open ceremony before two witnesses prior to the "appointed day." Both parties were free to marry and were over the minimum age for marriage.

---

[1] Section 14 deals with dissolution of marriages.

The petitioner's 1956 marriage to the beneficiary qualifies as a "validated marriage," made valid by section 8 of the Hong Kong Marriage Reform Ordinance.

Consequently, the issue as to whether the petitioner and the beneficiary had a valid marriage under Chinese law and custom in Hong Kong prior to 1956 has become moot in the context of this case. The issue of the effect on the 1956 marriage of the failure to comply with the prior Marriage Ordinance has also become moot. Regardless of the correctness of our discussion of Hong Kong law in our earlier decision, our order sustaining the appeal from the district director's denial, and our order approving the visa petition are clearly proper at this point in time. Consequently, the Service motion for reconsideration will be denied.

ORDER: The Service motion is denied, and our order staying the execution of our November 21, 1969 order is vacated; however, our November 21, 1969 order is corrected by the deletion of the words "for immediate relative status."

Louis P. Maniatis, Board Member, dissents, without opinion.

Irving A. Appleman, Board Member, abstained from consideration of this case.